IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES IVY,

    Movant,

                                                     Cv. No. 2:18-cv-02198-JPM-tmp
                                                   Cr. No. 2:05-cr-20188-JPM-01

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion", ECF No. 1) filed by Movant, James Ivy, Bureau of Prisons ("BOP") register number 20294-076, an inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas and the Response of the United States in Opposition to Defendant's § 2255 Motion (ECF No. 8). Because the § 2255 Motion is untimely and Ivy is not entitled to equitable tolling, the Court **DENIES** the § 2255 Motion as time-barred.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

    **A.     Ivy's Federal Criminal Case, Number 2:05-cr-20188-01**

On May 17, 2005, a federal grand jury returned a single-count indictment charging Ivy, a convicted felon, with possessing an EIG, Model Titan, .25 caliber pistol, on or about February

10, 2005.  (Indictment, *United States v. Ivy*, No. 2:05-cr-20188-JPM (W.D. Tenn.), Criminal ("Cr.") ECF No. 1.)  A jury trial commenced on December 5, 2005, and, on December 6, 2005, the jury returned a guilty verdict on the sole count of the Indictment.  (Minute ("Min.") Entry, *id.*, Cr. ECF No. 47; Min. Entry, *id.*, Cr. ECF No. 48; Verdict, *id.*, Cr. ECF No. 50.)  At a hearing on March 7, 2006, the Court sentenced Ivy as an armed career criminal to a term of imprisonment of eighteen years and five months, to be followed by a five-year period of supervised release.  (Min. Entry, *id.*, Cr. ECF No. 59.)  Judgment was entered on March 7, 2006.  (Judgment ("J.") in a Criminal Case, *id.*, Cr. ECF No. 60.)  The United States Court of Appeals for the Sixth Circuit affirmed.  *United States v. Ivy*, 224 F. App'x 461 (6th Cir. 2007).

### B. Civil Case Number 2:07-cv-02245

On April 9, 2007, Ivy filed a pro se motion pursuant to 28 U.S.C. § 2255 in which he contended that his attorney rendered ineffective assistance, in violation of the Sixth Amendment, by (i) failing to file a motion to dismiss; (ii) failing to challenge the sufficiency of the evidence on appeal; and (iii) failing to challenge the prior convictions used to sentence him as an armed career criminal.  (§ 2255 Motion, *Ivy v. United States*, No. 2:07-cv-02245-JPM-tmp (W.D. Tenn.), ECF No. 1.)  In an order issued on May 20, 2009, the Court denied the § 2255 motion, denied a certificate of appealability and certified that an appeal would not be taken in good faith.  (Order, *id.*, ECF No. 24.)  Judgment was entered on May 20, 2009.  (J. in a Civil Case, *id.*, ECF No. 25.)  Ivy did not appeal.

### C. Sixth Circuit Case Number 09-5735

On June 23, 2009, Ivy filed an application with the Sixth Circuit Court of Appeals for leave to file a successive § 2255 motion.  (Application ("Appl.") for Leave to File a Second or Successive § 2255 Motion, *In re Ivy*, No. 09-5735 (6th Cir.), ECF No. 1.)  A corrected

application was filed on July 17, 2009.  (Amended ("Am.") Motion Under 28 U.S.C. § 2244, *id.*, ECF No. 4.)  The issues presented were whether the prosecution withheld material, exculpatory evidence and whether counsel rendered ineffective assistance by failing to raise the issue.  (*Id.* at 4.)  On February 18, 2010, the Court of Appeals denied the application.  (Order, *In re Ivy*, No. 09-5735 (6th Cir.).)

        D.        **Case Number 2:14-cv-02475**

On June 19, 2014, Ivy filed another *pro se* § 2255 motion in which he argued that the Court erred in sentencing him as an armed career criminal in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013).  (Second § 2255 Motion, *Ivy v. United States*, No. 2:14-cv-02475-JPM-dkv (W.D. Tenn.), ECF No. 1.)  On April 30, 2015, Ivy filed a motion for leave to amend in which he asked the Court to take into consideration the oral arguments in *Johnson v. United States*, No. 13-7120 (U.S.).  (Motion ("Mot.") for Leave to Amend, *id.*, ECF No. 6.)  The Court granted leave to amend on April 30, 2015.  (Order, *id.*, ECF No. 7.)  On February 23, 2016, Ivy filed a motion seeking leave to amend to add an argument based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (Mot. to Supplement Pending § 2255 Mot., *id.*, ECF No. 12.)  The United States agreed that Ivy was entitled to relief.  (Response, *id.*, ECF No. 19.)  The parties consulted and agreed that the proper remedy would be for the Court to impose a time served sentence, along with the three-year term of supervised release.  (Response, *id.*, ECF No. 19 at 7-8.)  The Court agreed and resentenced Ivy to time served, along with three years of supervised release.  (Order, *id.*, ECF No. 22.)  The amended judgment was entered in the criminal case on May 12, 2016.  (J., *United States v. Ivy*, No. 2:05-cr-20188-JPM, Cr. ECF No. 87.)  Ivy did not appeal.

### E.     Violation of Supervised Release in Criminal Case, Number 2:05-cr-20188-01

Ivy was released from prison and, on May 23, 2016, began serving his three-year term of supervised release. On June 21, 2017, the United States Probation Office filed a petition to revoke Ivy's supervised release because the Probation Officer saw Ivy in possession of a loaded shotgun at Ivy's home. (Petition for Warrant, *United States v. Ivy*, No. 2:05-cr-20188-JPM, Cr. ECF No. 88.) The Court revoked Ivy's supervised release after a hearing and imposed a sentence of twenty-one months in prison, with no supervision to follow. (Min., *id.*, Cr. ECF No. 102; J. *id.*, Cr. ECF No. 104.)

### F.     Ivy's Instant § 2255 Motion, Civil Case Number 2:18-cv-02198

On March 21, 2018, Ivy filed this *pro se* § 2255 Motion attacking the amended judgment, alleging that he has "overserved" his original federal sentence past the non-ACCA statutory maximum of 120 months. (§ 2255 Motion, Civ. No. 18-2198, ECF No. 1 at 5 ("Ivy merely seeks in his motion to amend the time served resentencing[.]") The Government filed its Response on May 29, 2018. (ECF No. 8.)

## II.     THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United*

4

*States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.     ANALYSIS

The Government argues that the § 2255 Motion is time barred. (ECF No. 8 at 4-5.) Ivy has not replied to the response of the United States and the time for filing a reply has expired. Ivy has not presented any basis for the application of equitable tolling.

#### A.     The § 2255 Motion is Not Timely

Twenty-eight U.S.C. § 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section." In most cases, the § 2255 limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a prisoner does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted); *see also Benitez v. United States*, 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling). Here, the amended judgment was entered on May 12, 2016. (J., *United States v. Ivy*, No. 2:05-cr-20188-JPM, Cr. ECF No. 87.) The deadline to file a notice of appeal expired fourteen days later, on May 26, 2016, at which time the running of the § 2255 limitations period commenced. The limitations period expired one year later, on May 26, 2017.

Ivy's § 2255 Motion was filed in 2018, nearly one year after the statute of limitations expired. Ivy has made no argument demonstrating that his § 2255 Motion was timely. The § 2255 Motion is time-barred.

### B. Ivy is Not Entitled to Equitable Tolling

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez*, 521 F.3d at 630. "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Ivy has not requested equitable tolling, set forth any facts demonstrating that he has pursued his rights diligently, or that he is otherwise entitled to equitable tolling. Ivy has not established that he is entitled to equitable tolling.

### C. Conclusion

For the foregoing reasons, the Court **DENIES** the § 2255 Motion. The § 2255 Motion is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for the United States.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the § 2255 Motion is time-barred for the reasons previously stated.  Because any appeal by Movant on the issues raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a).  *Kincade*, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise

7

denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[1]

**SO ORDERED**, this 8th day of December, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.